UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KENNETH JOHNSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FUNDEX GAMES, LTD. )<br>)<br>Defendant. ) | 1:08-cv-1660-SEB-DML |

**ORDER GRANTING MOTION TO FILE AMENDED COMPLAINT**

This cause is before the Court on Plaintiff Kenneth Johnson's Motion to File Second Amended Complaint [Docket No. 62], filed on February 8, 2010. Johnson seeks leave to file his Second Amended Complaint in order to articulate a claim for fraud in the inducement related to the facts alleged in the First Amended Complaint, as well as to amend his claims for breach of contract. For the reasons detailed in this entry, Plaintiff's Motion to File Second Amended Complaint is GRANTED.

The Second Amended Complaint "supersedes all previous complaints and controls the case from that point forward." French v. Wachovia Bank, 574 F.3d 830, 835 (7th Cir. 2009). Accordingly, the following motions, which are related to the First Amended Complaint, are moot: Defendant's Motion to Dismiss [Docket No. 14], filed on February 27, 2009; Plaintiff's Motion for Partial Summary Judgment [Docket No. 22], filed on March 6, 2009. Both of these motions shall therefore be DENIED.

## *Discussion*

A party seeking to amend a pleading after the expiration of the Court's scheduling order deadline must show "good cause" for the amendment. Trustmark Ins. Co. v. General & Cologne Life Re of America, 424 F.3d 542, 553 (7th Cir. 2005). On April 30, 2009, the Court entered a Case Management Plan setting forth specific deadlines for this case, including that "[a]ll motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before July 11, 2009." Order Approving Case Management Plan [Docket No. 34], at 2. Defendant contends that Plaintiff has not provided the "good cause" required to supersede the deadlines previously established. Citing Vargas-Harrison v. Racine Unified School Dist., 272 F.3d 964, 974 (7th Cir. 2001), Defendant also contends that the proposed Second Amended Complaint is "futile" because it would not withstand a Federal Rule of Civil Procedure 12(b)(6) challenge.

Defendant objects only to Plaintiff's request to assert a claim for fraud in the inducement; no objection is interposed as to his request to refine his existing breach of contract claims with facts learned in the course of discovery. Because delays in the litigation not created by Plaintiff led to the timing of the filing of the present motion, and because Defendant's "good cause" and "futility" arguments essentially ignore the substance of the proposed Second Amended Complaint, neither of Defendants' contentions convinces the Court that Plaintiff's motion should be denied.

The new fraud claim contained in the proposed Second Amended Complaint alleges that Defendant misrepresented the nature of its relationships with third parties,

and that Defendant misrepresented the nature and content of the second amendment to the parties' agreement.  Five sets of facts support Plaintiff's proposed claim for fraud in the inducement: (1) representations on multiple occasions that Defendant was using distributors in fulfillment of its rights and obligations under the parties' agreements; (2) Defendant's January 29, 2010 deposition testimony that the financial statements it provided to Plaintiff over the years contained specific misrepresentations about the use of sub-licensees instead of distributors; (3) Defendant's deposition testimony indicating that Plaintiff had no knowledge of the actual underlying facts related to those misrepresentations; (4) the opinion of Greg Doherty about the allegedly reasonable damages to be expected from Defendant's use of sub-licensees; and (5) specific statements made by an officer of Defendant related to amendments made to the parties' agreement.

     Defendant's objection to the filing of a Second Amended Complaint discusses only the first item above, which happens to be the only such item that was contained in the First Amended Complaint.  Defendant does not pose a clear objection to the other four items, which Plaintiff contends were discovered or developed during discovery.  Thus, because Defendant's assertions are based solely on facts already described in the First Amended Complaint and not on the newly discovered facts described in the Second Amended Complaint, the argument that this new Complaint would be dismissed pursuant to either 12(b)(6) or 9(b) is entirely premature.  Only a more robust assessment of the Second Amended Complaint would fairly adjudicate the question of whether that

3

Complaint withstands the federal pleading requirements, and those issues are not fully before the Court at this juncture. Therefore, Defendant is incorrect in asserting that this amendment would be "futile."

Furthermore, good cause clearly exists to permit Plaintiff to amend the Complaint. The timing and substance of Plaintiff's proposed Second Amended Complaint are the direct result of the delayed progression of this case. Plaintiff filed summary judgment early in the litigation on an issue that did not require discovery. Thereafter, multiple delays ensued, including: (1) Defendant obtained a sixty-day enlargement of its response time in order to conduct discovery, which it did not actually conduct; and (2) from November 2008 through mid-January 2009, the parties agreed not to litigate the case in hopes of reaching a settlement. Not until January 29, 2010 was Plaintiff able to conduct a Rule 30(b)(6) deposition of Defendant, at which time, the new facts described in the proposed Second Amended Complaint were disclosed. Plaintiff promptly filed the present motion after these facts came to light.

In view of the foregoing, good cause exists to permit Plaintiff to assert his new fraud claim, and to refine his existing claims, based upon newly discovered facts, which the Plaintiff has pursued attentively since the inception of the litigation. Defendant will not suffer any prejudice from the proposed amendment, as the new facts supporting the Second Amended Complaint have been in Defendant's possession throughout the litigation. Accordingly, Plaintiff's Motion shall be <u>granted</u>.

*Conclusion*

For the reasons detailed in this entry, Plaintiff's Motion to File Second Amended Complaint is hereby <u>GRANTED</u>. Because the new Complaint supersedes preceding complaints and all related motions, Defendant's Motion to Dismiss and Plaintiff's Partial Motion for Summary Judgment are moot and <u>DENIED</u> as such. The parties shall have 45 days from the issuance of this order within which to renew, either entirely or by incorporation, either of these motions to address the Second Amended Complaint.

IT IS SO ORDERED.

DATE: 03/10/2010

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Spiro Bereveskos
WOODARD EMHARDT MORIARTY MCNETT & HENRY, LLP
judy@uspatent.com

Steven P. Blonder
MUCH SHELIST DENENBERT AMENT & RUBENSTEIN PC
sblonder@muchshelist.com

Mary Jane Frisby
BARNES & THORNBURG
mfrisby@btlaw.com

Daniel James Lueders
WOODARD EMHARDT MORIARTY MCNETT & HENRY, LLP
lueders@uspatent.com

Martin J. O'Hara
MUCH SHELIST DENEBERG AMENT & RUBENSTEIN, P.C.
mohara@muchshelist.com

T. Joseph Wendt
BARNES & THORNBURG LLP
jwendt@btlaw.com